JAMES BENNETT *v.* J. D. SMITH'S ADM'R.

**Decedent's Estate—Parties to Petition to Sell Real Estate.**
> The heirs of a decedent must be made parties to a petition of an administrator to sell real estate to pay debts, and where they are named as defendants, but join the administrator as plaintiffs, an order of sale procured in such action will not be set aside.

APPEAL FROM MADISON CIRCUIT COURT.

November 4, 1874.

OPINION BY JUDGE PETERS:

In the original suit brought by the administrator of J. D. Smith, deceased, his heirs were not made parties; but by an amended petition the heirs with their guardian united as plaintiffs with the administrator, and while the petition is not sworn to, the plaintiffs therein are no less bound by its allegations; and if they were made by the attorneys without their authority they will be responsible to those they profess to represent, the attorneys having signed the amended petition.

It is manifest from the statements of the administrator and the report of the master that the personal assets were insufficient to pay the debts of the intestate, and that a sale of at least a part of the real estate was necessary for that purpose. In such cases Sec. 465 of the Civil Code, authorizes the personal representative, an heir, devisee, legatee, distributee, or creditor of a deceased person, to institute an action by equitable proceedings for the settlement of his estate, and if the personal representative or heir may institute an action for the purpose they certainly may join in the prosecution of such an action when it shall be necessary, as in this case, that such an action shall be prosecuted. And although the creditors may not be specially named as defendants, still, by presenting their claims and proving them before the master, they make themselves defendants to the action.

As, therefore, the sale of a part of the real estate of the intestate was necessary for the payment of his debts, and as his heirs have

joined as plaintiffs in the suit to procure the sale of the town lots described, they will be concluded by the judgment of sale, and their title will pass to the purchaser at the judicial sale by the deed of the court's commissioner.

The court below, therefore, did not err in refusing to set aside the sale, and the judgment is *affirmed.*

*Chenault & Bennett, for appellant.*
*Turner & Smith, Bronston, for appellees.*